DeROSE v DeROSE

Docket No. 232780. Submitted October 8, 2001, at Detroit. Decided January 25, 2002, at 9:00 A.M. Leave to appeal sought.

Theresa O'Day DeRose brought an action in the Wayne Circuit Court against Joseph A. DeRose, seeking a divorce. The court, Mary M. Waterstone, J., granted the divorce and awarded the plaintiff sole legal and physical custody of the parties' minor child, Shaun. The plaintiff brought the action after the defendant admitted abusing the plaintiff's daughter from a previous marriage (the defendant's stepdaughter). While the action was pending, the defendant's mother, Catherine DeRose, filed a petition for grandparent visitation with Shaun. The court granted the petition and entered an order for grandparent visitation. The plaintiff's delayed application for leave to appeal was granted.

The Court of Appeals *held*:

The Michigan grandparent visitation statute, MCL 722.27b, is unconstitutional. The court therefore lacked the authority to enter the order, and the order granting grandparent visitation must be vacated.

1. The statute requires a court to issue a visitation order to a grandparent whenever the court deems it to be in the best interests of the child.

2. A lack of legislative guidance renders the statute fatally flawed.

3. There is a presumption that fit parents act in the best interests of their children. The statute does not take this presumption into account. The Due Process Clause does not permit a state to infringe the fundamental right of parents to make childrearing decisions simply because a state court believes a better decision could be made.

Vacated.

COOPER, P.J., dissenting, stated that the statute may be construed to require the petitioner to have the burden of proof and to require the trial court to make specific findings of fact regarding why grandparent visitation is or is not in the best interests of the child. Placing the burden of proof on the grandparent presupposes that the parental wishes are a factor in the decision. Construed in this

manner, the statute is constitutional. The matter should be remanded.

PARENT AND CHILD — GRANDPARENT VISITATION — CONSTITUTIONAL LAW.

The statute that requires a court to issue a grandparent visitation order whenever the court deems visitation to be in the best interests of the child does not take into account the presumption that fit parents act in the best interests of their children; the statute is unconstitutional because the Due Process Clause does not permit a state to infringe the fundamental right of parents to make child-rearing decisions on the basis of a state court's belief that a better decision could be made (MCL 722.27b).

*Douglas Hamel, P.C.* (by *Sarah J. Biggs*), for Theresa O'Day DeRose.

*Charles M. Merlo,* for Catherine DeRose.

Before: COOPER, P.J., and SAWYER and OWENS, JJ.

SAWYER, J. Plaintiff appeals by delayed application for leave to appeal granted from an order of the circuit court granting grandparent visitation in favor of third-party plaintiff Catherine DeRose (hereafter DeRose). We vacate the trial court's order.

Plaintiff and defendant were divorced after defendant admitted abusing plaintiff's daughter from a previous marriage (defendant's stepdaughter). Plaintiff and defendant did have a child in common, a daughter named Shaun Ashleigh DeRose (born April 1, 1996). The judgment of divorce granted plaintiff sole legal and physical custody of Shaun. While the action was pending, defendant's mother, third-party plaintiff DeRose, filed a petition for grandparent visitation with Shaun. Plaintiff opposed the request, citing DeRose's denial of her son's abuse of plaintiff's other daughter and alleging that it was not in Shaun's best interest to have visitation with DeRose.

The trial court granted the petition, opining in part as follows:

> But it doesn't strike me that there is any reason here that a child should be deprived of a grandmother. Grandmothers are very important. Grandmothers are very important. [sic] I don't say that just because I am one, but I do believe they are important. I have a niece who doesn't have any and she borrows grandparents and I realize this is difficult, a very difficult time for the 12-year-old, but the 12-year-old is not going to be required to see this lady. Not that it necessarily would be terrible, but I'm not saying it would be good. She is not going to see her. That's not the point.
>
> This is not a motion for custody so that Shaun would be taken away from her sisters for the rest of her life or for a long period of time, even a weekend. This is like two hours of supervised visitation and I know that mom—now, I'm sure mom feels, well, I made a bad choice, I wasn't aware—this, that and the other thing. So now she wants to overcorrect.
>
> It makes no sense to me that this grandmother can't have two hours of supervised visitation and even four hours of supervised visitation as recommended by the Friend of the Court and that's plenty of time to evaluate whether anything bad or wrong happens.
>
> It's very troubling that the concept that somehow this whole incident can just be erased by keeping the child's actual grandmother away from her. It can't be, and everybody is going to have to learn to deal with it which is not happy, it's not good.
>
> \*     \*     \*
>
> It doesn't strike me that a supervised visitation is wrong, so I would affirm the recommendation.

Plaintiff's sole argument on appeal is that the Michigan grandparent visitation statute, MCL 722.27b, is unconstitutional and, therefore, DeRose's petition should have been denied. We agree.

The United States Supreme Court addressed this issue in *Troxel v Granville*, 530 US 57; 120 S Ct 2054; 147 L Ed 2d 49 (2000). In *Troxel*, the Supreme Court upheld a decision of the Washington Supreme Court that held that the Washington grandparenting visitation statute was unconstitutional because it violated the parents' fundamental rights under the federal constitution to rear their children. *Id.*, at 62-64.

The plurality opinion reviewed a series of United States Supreme Court decisions over the course of the twentieth century that recognized "the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 66. With respect to the statute at issue in *Troxel*, the plurality described it as "breathtakingly broad" and focused on three aspects: (1) that any person could petition for visitation, (2) they could do so at any time, and (3) the trial court could grant visitation rights whenever it would serve the best interests of the child. *Id.* The Court further opined as follows:

> Section 26.10.160(3) [of the Washington Rev Code] contains no requirement that a court accord the parent's decision any presumption of validity or any weight whatsoever. Instead, the Washington statute places the best-interest determination solely in the hands of the judge. Should the judge disagree with the parent's estimation of the child's best interests, the judge's view necessarily prevails. Thus, in practical effect, in the State of Washington a court can disregard and overturn *any* decision by a fit custodial parent concerning visitation whenever a third party affected by the decision files a visitation petition, based solely on the judge's determination of the child's best interests. [*Id.* at 67.]

Because the Michigan statute limits its scope to grandparents seeking visitation, and further restricts

grandparents to petitioning for visitation only when a custody matter is otherwise before the court or when one of the parents is deceased, it does not have the broad expanse that the Washington statute did, which authorized any person at any time to file a petition. However, like the Washington statute, the Michigan statute authorizes a court to issue a visitation order to a grandparent whenever the court deems it to be in the best interests of the child. Indeed, the Michigan statute mandates that the trial court issue such an order once the court finds that grandparent visitation would be in the best interests of the child.[1] MCL 722.27b(3).

However, we do not believe the fact that the Michigan statute limits itself to allowing only grandparents under certain conditions to petition for visitation is sufficient to avoid the constitutional problems identified in *Troxel*. We again turn to the plurality opinion in *Troxel, supra* at 68-69, for guidance:

> First, the Troxels did not allege, and no court has found, that Granville was an unfit parent. That aspect of the case is important, for there is a presumption that fit parents act in the best interests of their children. As this Court explained in *Parham* [*v JR*, 442 US 584; 99 S Ct 2493; 61 L Ed 2d 101 (1979)]:
>
> "[O]ur constitutional system long ago rejected any notion that a child is the mere creature of the State and, on the contrary, asserted that parents generally have the right, coupled with the high duty, to recognize and prepare [their children] for additional obligations. . . . The law's concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life's difficult decisions. More

---

[1] The Washington statute merely gave the trial court discretion to enter a visitation order upon a finding that it would be in the child's best interests. *Id.* at 60.

important, historically it has recognized that natural bonds of affection lead parents to act in the best interests of their children." 442 US, at 602, 61 L Ed 2d 101, 99 S Ct 2493 (alteration in original) (internal quotation marks and citations omitted).
Accordingly, so long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children. See, *e.g.*, [*Reno v*] *Flores*, 507 US [292], at 304, 123 L Ed 2d 1, 113 S Ct 1439 [(1993)].

Furthermore, the trial court's decision in this case reflects the problem with the statute's lack of guidance. The primary theme of the trial court's decision is that "grandmothers are important" and there is no reason the child should be deprived of a grandmother. That, however, implicates the same observation made by the Supreme Court in *Troxel, supra* at 72, that "this case involves nothing more than a simple disagreement between the Washington Superior Court and Granville concerning her children's best interests." As the Court went on to observe, however, a court cannot intervene merely because it believes it can make a "better" decision:

As we have explained, the Due Process Clause does not permit a State to infringe on the fundamental right of parents to make childrearing decisions simply because a state judge believes a "better" decision could be made. Neither the Washington nonparental visitation statute generally—which places no limits on either the persons who may petition for visitation or the circumstances in which such a petition may be granted—nor the Superior Court in this specific case required anything more. [*Id.* at 72-73.]

We should also note that, in addition to the plurality opinion in *Troxel*, two of the justices wrote sepa-

rately in concurring opinions. Justice Souter stated
that the Court should merely have accepted the Wash-
ington Supreme Court's decision and, therefore, there
was no need "to decide whether harm is required or
to consider the precise scope of the parent's right or
its necessary protections." *Id.* at 77 (Souter, J., con-
curring). Justice Souter also discussed in some detail
the fact that the law entrusts the parent to make
choices regarding a child's social companions. *Id.* at
77-79.

Justice Thomas also concurred, noting as follows:

> I would apply strict scrutiny to infringements of funda-
> mental rights. Here, the State of Washington lacks even a
> legitimate governmental interest—to say nothing of a com-
> pelling one—in second-guessing a fit parent's decision
> regarding visitation with third parties. On this basis, I would
> affirm the judgment below. [*Id.* at 80.]

While Michigan's statute is certainly narrower in
scope than Washington's in terms of standing to file a
visitation petition, the Michigan statute is not nar-
rower once a petition is properly before the trial
court. It is precisely this lack of legislative guidance
that renders the statute fatally flawed. Simply put, if a
court in Washington cannot constitutionally be vested
with the discretion to grant visitation to a nonparent
on the basis of a finding that it is in the child's best
interests to do so, then a court in Michigan cannot be
obligated under statute to do so on the basis of the
same finding. Presumably, a grandparent visitation
statute may be written in such a manner that it com-
plies with the constitution. Indeed, the plurality opin-
ion in *Troxel* specifically declined to hold that such
statutes are unconstitutional per se. *Id.* at 73. How-
ever, the lack of any standards in the Michigan stat-

ute beyond "the best interests of the child," and specifically the failure of the statute to afford any deference to the custodial parent's decision, renders the Michigan statute unconstitutional as written.[2]

This leads us to the question whether we could and should endeavor to interpret Michigan's statute in a manner consistent with the constitution. However, such an effort would require a significant, substantive rewriting of the statute. To render the statute constitutional, we would have to read into it requirements that go beyond the text of the statute and do more than simply define the term "best interests of the child" more clearly. We would have to go from the judicial robing room to the legislative cloakroom and we decline to do so. In short, the rewriting of the grandparent visitation statute is a task best left for the Legislature.

For the above reasons, we hold that Michigan's grandparent visitation statute, MCL 722.27b, is unconstitutional. Because the trial court lacks the authority to grant relief to third-party plaintiff, a remand is unnecessary. Rather, we vacate the trial court's order granting visitation with the minor child to third-party plaintiff.

Vacated. Plaintiff may tax costs.

OWENS, J., concurred.

COOPER, P.J. *(dissenting)*. I respectfully dissent from the majority opinion holding Michigan's grandparent visitation statute, MCL 722.27b, unconstitutional.

---

[2] In fact, MCL 722.27b(3) requires the trial court to state reasons on the record for denying grandparenting time, but the trial court is not required to state reasons for the granting of the petition.

If the goal of my esteemed colleagues is to stay out of the legislative cloakroom, such an end would be better achieved by adhering to basic principles of statutory construction in order to uphold the intent of the Legislature.

It is a well-established rule that a statute is presumed to be constitutional unless its unconstitutionality is clearly apparent. *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999).

MCL 722.27b was specifically reviewed by our Supreme Court in *Frame v Nehls*, 452 Mich 171; 550 NW2d 739 (1996), when it addressed the issue of standing under an equal protection challenge. In that case, the Court pointed out that grandparent visitation is specifically a part of the Child Custody Act:

> The legislative purpose behind the Child Custody Act is to *"promote the best interests and welfare of children."* The act directs that it is "equitable in nature and shall be liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved." Section 7b of the Child Custody Act deals specifically with grandparent visitation. The grandparent visitation statute is consistent with the general purpose of the act, in that it permits a court to enter a grandparent visitation order "if the court finds that it is in the best interests of the child" to do so. [*Id.* at 176-177 (emphasis added, citations omitted).]

The majority opinion relies heavily on *Troxel v Granville*, 530 US 57; 120 S Ct 2054; 147 L Ed 2d 49 (2000). In that case, the United States Supreme Court struck down a Washington state statute that was "breathtakingly broad" in that it allowed any person to petition at any time for visitation of a minor child.

However, Justice O'Connor, writing for the majority in *Troxel*, specifically indicated that the Court would

be hesitant to hold specific nonparental visitation statutes violative per se of the Due Process Clause.[1] *Id.* at 73. Justice O'Connor emphasized that the constitutionality of any standard for awarding visitation turns on the specific manner in which the standard is applied. *Id.*

The *Troxel* decision was based on the sweeping breadth of the Washington statute *and* the application of that broad, unlimited power to the specific facts of the case. *Id.* The United States Supreme Court expressly refused to decide whether the Due Process Clause requires all nonparental visitation statutes to include a showing of harm to the child as a condition precedent to granting visitation. *Id.*

My colleagues agree that the Michigan statute does not have the broad expanse of the Washington statute; however, they declare the statute unconstitutional because it authorizes a court to issue a visitation order to a grandparent whenever the court deems it to be in the best interests of the child.

They claim that the lack of legislative guidance renders this otherwise valid statute fatally flawed. A careful reading of *Troxel* indicates that it was only because the Washington Supreme Court refused to give the Washington statute a narrower construction that the United States Supreme Court was compelled to make its ruling. *Id.* at 74-75.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). It is not an invasion of legislative prerogative to interpret

---

[1] Michigan's grandparent visitation statute, MCL 722.27b, was cited in the footnote to this statement.

a statute to require that the burden of proof be on the petitioner. Nor is it judicial overreaching to require the trial court to make specific findings of fact regarding why grandparent visitation is or is not in the best interests of the child. Placing the burden on the grandparents presupposes that the parental wishes are a factor in the decision.

While the courts have long recognized the fundamental presumption that parents will act in the best interests of their children, that presumption is rebuttable. The Michigan statute provides for minimal intrusion on parental rights in situations where a custody dispute or death has altered the traditional nuclear family. In those situations, custodial parents who are otherwise fit may be motivated by factors that have little to do with the best interests of the child.

> "Cases like this do not present a bipolar struggle between the parents and the State over who has final authority to determine what is in a child's best interests. There is at a minimum a third individual, whose interests are implicated in every case to which the statute applies—the child." [*Fitzpatrick v Youngs*, 186 Misc 2d 344, 349; 717 NYS2d 503 (2000), quoting *Troxel, supra* at 86 (Stevens, J., dissenting).]

I would therefore remand the case to the trial court for specific findings of fact, bearing in mind that the petitioner has the burden of proof.